## STATE *vs.* JOHN FRED BROWN.

1. HIGHWAYS—OBSTRUCTIONS—CRIMINAL RESPONSIBILITY.

    Any obstruction whatever of a public road is a misdemeanor.

2. HIGHWAYS—ESTABLISHMENT—BY STATUTE.

    Public roads may exist by public authority, in which case they are laid out by court order.

3. DEDICATION—ESTABLISHMENT OF HIGHWAY—USER.

    Public roads may exist by private dedication, in which case they may be proved by long usage and enjoyment.

4. DEDICATION—ESTABLISHMENT OF HIGHWAY—USER FOR TWENTY YEARS.

    That a road has been used by the public uninterruptedly for twenty years is evidence of its gift or dedication to the public as a road.

5. DEDICATION—ESTABLISHMENT OF HIGHWAY—USER—CONTINUITY.

    Inference of dedication of a road to public use is prevented by any act of the owner of land through which it runs, prohibiting or restricting the public from uninterrupted use, if such act be such as is intended to restrict or limit the public use of the road.

(*February* 10, 1916.)

CONRAD, J., sitting.

*Frank M. Jones*, Deputy Attorney General, and *Daniel J. Layton, Jr.*, for the state.

*Andrew J. Lynch* and *Robert C. White* for the accused.

Court of General Sessions, Sussex County, February Term, 1916.

INDICTMENT for obstructing a public road, No. 11, February Term, 1916.

John Fred Brown was indicted for obstructing a public road. Verdict guilty.

The facts appear in the charge to the jury.

CONRAD, J., charging the jury.

John Fred Brown, the defendant is charged in this case with obstructing a public road in this county leading from Horsey's Cross Road to Hill's Corner. The defendant admits that he did obstruct the road as alleged in the indictment, but he claims that it was not a public road but a private road or way, and that he had the right to put the obstructions on the road. So the sole question for you to decide is was the road a public or private one.

If you are satisfied from the testimony that it was a public road then you should find a verdict of guilty. If the testimony on the contrary established the fact that the road was a private one, then you should find a verdict of not guilty.

[1-3] Roads are made for public convenience and when one is established as a public road, any obstruction of it whatever is made a misdemeanor under the laws of this state. Public roads may exist by public authority or by private dedication. In the former case they are laid out by order of the court, in the latter they may be proved by long usage and enjoyment.

[4] The courts of this state have held that twenty years of uninterrupted use of a road by the public is evidence of a dedication of the road by the land owners to the public. The reasonable inference in respect to such a road is, that if the owner of the land through which it runs will permit the public to use it without interruption or objection, for the space of twenty years, this is evidence of its gift or dedication to the public as a road.

[5] But any act of the land owner prohibiting or restricting the public from uninterrupted use, will prevent such an inference of dedication, but the act must be such a one as is intended to restrict or limit the use of the road by the public.

If you find the road was a public road, then your verdict should be guilty. If you are convinced from the testimony that the road was a private one, that the road had not been dedicated to public use, then your verdict should be not guilty.

Verdict, guilty.